UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JOSEPH PREBUL, *et al.*, | ) | |
| | ) | |
| Appellants, | ) | 1:11-CV-214 |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN BENSUSAN, *et al.*, | ) | Chief Judge Curtis L. Collier |
| | ) | |
| Appellees. | ) | |

## **M E M O R A N D U M**

Before the Court is a joint motion to dismiss appeal and joint motion for sanctions (Court File No. 20) filed by Appellees Steven Bensusan; Danny Bensusan; Gary Chazen; Alliance Investments Group, LLC; 117 Seventh Avenue South Property Co., L.P.; TSE Group, LLC; and DBS International, LLC ("Appellees"). On August 2, 2011, Appellants James Paris; Joseph Prebul; Prebul Chrysler Jeep Dodge, LLC; and Carolex, LLC ("Appellants") filed a notice of appeal from a dismissal granted by the United States Bankruptcy Court for the Eastern District of Tennessee (Court File No. 1). Subsequently, Appellants filed a brief (Court File No. 7). Rather than filing their own brief, Appellees filed a motion to dismiss (Court File No. 9). Appellants moved for an extension of time to file necessary documents (Court File No. 12), and the Court granted Appellants' motion (Court File No. 18). Appellees then filed a joint motion to dismiss appeal and a joint motion for sanctions (Court File No. 20), which is currently before the Court. For the following reasons, the Court **DENIES** Appellees' joint motion to dismiss appeal and joint motion for sanctions (Court File No. 20).

**I.     FACTUAL AND PROCEDURAL HISTORY**

On August 2, 2011, Appellants filed a notice of appeal (Court File No. 1) to the Court from a dismissal of Appellants' Second Amended Counterclaim/Complaint/Third Party Complaint ("SAC") by the United States Bankruptcy Court for the Eastern District of Tennessee. Appellants' notice was transmitted to this Court on August 17, 2011. Attached to the notice was a copy of the order granting Appellees' motion to dismiss and the docket sheet from the Bankruptcy Court proceedings (Court File No. 1). On September 8, Appellants filed a brief (Court File No. 7). Rather than filing their own brief, Appellees filed a motion to dismiss appeal due to Appellants' failure to comply with Rule 8006 of the Federal Rules of Bankruptcy Procedure (Court File No. 9). Specifically, Appellees' argued Appellants failed to file a designation of items to be included in the record on appeal and a statement of the issues to be presented on appeal.

On October 7, Appellants responded to Appellees' motion to dismiss and attached proposed versions of the missing documents (Court File No. 11). Appellants also filed a motion for extension of time to file the final versions of the missing documents (Court File No. 12). The Court granted the motion for extension of time on November 16, giving Appellants until November 28, 2011 to file all necessary documents and warning Appellants "additional delay in this matter will not be condoned and [] failure to comply with this Order may result in imposition of sanctions" (Court File No. 18). However, by October 21, 2011, Appellants had already supplemented their response with many of the documents to be included in the designation of record on appeal (Court File No. 17). The final documents were added on November 9.[1] No additional statement of the issues presented

---

[1] Although the docket lists November 9 as the day the final documents were added, the docket also bears a notation stating Court File No. 17 was modified last on November 29, 2011, one day after the Court's deadline. However, the documents themselves appear to have been filed before

2

for appeal was filed, so the Court will assume Appellants intended Court File No. 11-3 to be the final statement of the issues.

On December 9, 2011, Appellees filed the joint motion to dismiss appeal and joint motion for sanctions currently before the Court (Court File No. 20). In it, Appellees argue Appellants neglected to file the SAC, on which Appellants' brief heavily relies, and therefore the filings are inadequate in violation of Rule 8006, Rule 8010, and the Court's extension order (*id.* at p. 2). Appellees seek dismissal of the appeal under the Court's authority pursuant to Rule 8001(a), and sanctions in the form of an assessment of Appellees' attorney's fees and costs (*id.* at p. 9). Appellants responded on January 3, 2012 (Court File No. 23), and noted Court File No. 17-12 contained the SAC, although it was filed as an exhibit to Appellants' motion to amend originally filed in Bankruptcy Court (Court File No. 17-12). Appellees never replied to Appellants' response and never filed a brief on the merits of the appeal.

## II. DISCUSSION

### A. Motion to Dismiss

The district court has jurisdiction over appeals from final orders of the bankruptcy court in core proceedings. 28 U.S.C. §§ 157(b)(1) and 158(a)(1). Pursuant to Federal Rule of Bankruptcy Procedure 8001(a), the district court has the power to dismiss an appeal for an appellant's non-prosecution. Fed. R. Bankr. P. 8001(a) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal."); *Hancock*

---

the Court's deadline expired, and in fact, before the Court's order was even issued.

*v. McDermott*, 646 F.3d 356, 359 (6th Cir. 2011) ("Under Bankruptcy Rule 8001, a district court has discretion to dismiss a bankruptcy appeal where an appellant has failed to take a required step in the appeal."); *Barclay v. U.S. Trustee, Hackett*, 106 F. App'x 293, 293 (6th Cir. 2004) ("Federal Rule of Bankruptcy Procedure 8001(a) grants the district court authority to dismiss appeals for non-prosecution."). However, dismissal should not be granted liberally. As the United States Court of Appeals for the Sixth Circuit cautions, the power to dismiss "'should not be exercised generally unless the omission arose from negligence or indifference of appellant and, where good faith is shown, . . . the court, in order to avoid injustice, may, on a proper suggestion or on its motion, direct that the omission be corrected by a supplemental transcript or remand the cause for a finding on controverted fact questions.'" *In re Winner Corp.*, 632 F.2d 658, 661 (6th Cir. 1980) (quoting *Drybrough v. Ware*, 111 F.2d 548 (6th Cir. 1940)).

Federal Rule of Bankruptcy Procedure 8006 requires "[w]ithin 14 days after filing the notice of appeal . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8006. Violating the requirements of Rule 8006 may constitute non-prosecution and subject an appeal to dismissal under Rule 8001(a) "where there is a showing of bad faith, negligence, or indifference." *In re Kloian*, 137 F. App'x 780, 783 (6th Cir. 2005) (affirming a district court's dismissal of an appeal for non-prosecution where appellant filed his statement of the issues more than a month after his notice of appeal and the Bankruptcy Court's proceedings detailed his "persistent[] neglect[] to produce records and to adequately prepare for and participate in hearings") (citing *In re Winner Corp.*, 632 F.2d at 661); *Barclay*, 106 F. App'x at 294 (affirming a district court's dismissal of an appeal where appellant had been granted numerous time extensions

4

and failed to comply with an order directing her to file mandatory transcripts). However, merely filing a required document late is insufficient grounds for dismissal of an appeal. *In re Winner Corp.*, 632 F.2d at 294 ("We are not, however, prepared to hold that the late filing justified dismissal of the appeal."); *Barclay*, 106 F. App'x at 293-94 ("The late filing of a required document does not justify the dismissal of the appeal absent a showing of bad faith, negligence, or indifference.") (citing *In re Winner Corp.*, 632 F.2d 658 (6th Cir. 1980)); *see also In re CPDC Inc.*, 221 F.3d 693 (5th Cir. 2000) (finding dismissal inappropriate where Appellants failed to file a timely statement of the issues and included documents in the designated record excerpts not previously identified to the court because "the district court has an adequate record upon which to decide the merits of the appeal, and the purpose of Rule 8006 has therefore been satisfied despite Appellants' failure to strictly adhere to its technical requirements").

Federal Rule of Bankruptcy Procedure 8010(a) details the form requirements of briefs filed in an appeal before the district court, and provides in part "[t]here shall follow a statement of the facts relevant to the issues presented for review, with appropriate references to the record," and the brief "shall contain contentions of the appellant . . . with citations to . . . parts of the record relied on." Failure to fully comply with Rule 8010 may also be grounds for dismissal under Rule 8001(a). *In re Brown Family Farms, Inc.*, 872 F.2d 139, 142 (6th Cir. 1989) (affirming a district court's dismissal of an appeal where the appellant did not adequately address an important issue in its brief and so failed to fully comply with Rule 8010); *see also Paladin Holdings, Inc. v. Gen. Elec. Capital Corp.*, No. 2:09-CV-62, 2010 WL 996526, at *1, n.2 (E.D. Tenn. March 16, 2010) (reaching the merits of an appeal with a "woefully inadequate brief" but noting "[a]lthough [appellant's] appeal is likely subject to dismissal for its failure to comply with Rule 8010, the Court has chosen not to

5

do so, but rather will address the issues raised by the appeal on the merits").

Here, Appellees rest their motion on Appellants' supposed failure to file the SAC, which is cited frequently in Appellants' brief (Court File No. 20, pp. 6-7). Appellees contend the appeal should be dismissed because, by failing to file a timely statement of the issues or designation of the record, Appellants did not comply with Rule 8006 even after the Court gave them opportunity to correct their filings. Additionally, Appellees contend that the many citations to the SAC in Appellants' brief fails to meet the requirements of Rule 8010, because the citations are not "appropriate references to the record" (*id.* at 7-8). *See* Fed. R. Bankr. P. 8010(a). Appellants respond by noting their compliance with the Court's time extension and contending the SAC was in fact filed as a part of the designation of record in Court File No. 17-12 (Court File No. 23, p. 3).

The Court agrees with Appellants. Appellees' argument fails because the Court cannot say, as is required to dismiss an appeal, Appellants' filings show "bad faith, negligence, or indifference." *In re Kloian*, 137 F. App'x 780, 783 (6th Cir. 2005). Certainly Appellants' filings have not been perfect. The statement of issues and the designation of the record were both filed late and the subsequently filed documents referenced in the designation of the record are unorganized, with the final document filing numbers not matching those in the proposed designation of record.[2] Because the Court already determined the late filings were the result of excusable neglect and not grounds for dismissal (Court File No. 18), Appellees' objection is to the alleged absence of the SAC from Appellants' subsequent filings. However, as Appellants make clear, the SAC *was* filed in the

---

[2] It appears that a main document–presumably a final designation of record– was filed with Court File No. 17, which contained the final uploaded documents to constitute the record and was filed as a supplement to the proposed designation of record in Court File No. 15. However, the main document was filed incorrectly. As a result, the Court has only the proposed designation of the record, and the numbers on the files later submitted do not match that document in some cases.

designation of record, although it was filed as an exhibit to the motion to amend complaint originally filed in Bankruptcy Court (Court File No. 17-12).

This case, then, is unlike *In re Kloian* where the appellant's failure to abide by the filing requirements was the last in a long line of failures beginning in the Bankruptcy proceedings. 137 F. App'x at 783 ("[The district court's] assessment hinged on Kloian's bankruptcy-court reputation as gleaned from [a bankruptcy court opinion] detailing that Kloian persistently neglected to produce records to adequately prepare for and participate in hearings."). This case is also dissimilar from *Barclay* where the appellant failed to abide by the court's order after receiving numerous time extensions. 106 F. App'x at 294. Here, after the deficiencies of Appellants' filings were brought to their attention, they responded as quickly as could be expected. In fact, Appellants' filed all necessary documents before the Court even issued its order granting Appellants an extension of time to do so. The relative lack of organization in the resulting filings may be due in part to Appellants' attempt to correct their mistakes as quickly as possible. Given our judicial system maintains "a strong presumption in favor of adjudication on the merits," *In re Nelson,* No. 05-60062, 2005 WL 2033537, at *2 (E.D. Mich. Aug. 22, 2005) (quoting *English-Speaking Union v. Johnson,* 353 F.3d 1013, 1021 (D.C. Cir. 2004)), the Appellees' motion to dismiss must be denied**.** *See Paladin Holdings, Inc.*, 2010 WL 996526, at *1 (reaching the merits of an appeal with a "woefully inadequate brief" but noting "[a]lthough [appellant's] appeal is likely subject to dismissal for its failure to comply with Rule 8010, the Court has chosen not to do so, but rather will address the issues raised by the appeal on the merits").

### B. Motion for Sanctions

Appellees also move the Court to impose sanctions, including attorney's fees and costs,

7

against Appellants. Appellees cite the Court's "inherent powers 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons,' or when the conduct is 'tantamount to bad faith.'" *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980)) (citations omitted). Appellees argue Appellants failed to respond to the Court's order and such conduct is "tantamount to bad faith," which provides grounds for the Court to impose sanctions. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 525 (6th Cir. 2002) (affirming a district court finding of bad faith based in part on a plaintiff's failure to comply with discovery orders). However, as discussed above, the Court does not find Appellants failed to respond to the Court's order or acted in bad faith. If the Court so believed, it would have granted Appellees' motion to dismiss. Therefore, Appellees' motion for sanctions must also be denied.

### III. CONCLUSION

For the foregoing reasons, Appellees' joint motion to dismiss and joint motion for sanctions (Court File No. 20) is **DENIED**. Appellees are directed to submit a brief to the Court within 14 days of the date of entry of this memorandum's accompanying order. Appellants shall file a reply brief within 14 days after service of the brief of Appellees.

An Order shall enter.

                                           **/s/**
                                           **CURTIS L. COLLIER**
                                           **UNITED STATES DISTRICT JUDGE**